IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERBERT PAUL DANIELS, ID # 773535, )<br>Petitioner, )<br>vs. )<br>)<br>DOUGLAS DRETKE, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:05-CV-2391-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his aggravated assault conviction in Cause No. F96-77765-SV. Respondent is Douglas Dretke, Director of TDCJ-CID.

### B. Procedural History

On December 18, 1996, a jury convicted petitioner of aggravated assault, and petitioner was sentenced to sixty years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On December 4, 1998, the court of appeals affirmed the conviction. *Daniels v. State*, No. 05-97-00715-CR, 1998 WL 835196, at *1, 9 (Tex. App. – Dallas Dec. 4, 1998, no pet.). Sometime in 2000, petitioner filed his first state application for writ of habeas corpus. (Pet. at 3.) The Court of Criminal Appeals denied that application on February 9, 2000. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1847824 (accessed May 1, 2006). On December 22, 2004, the Court of Criminal Appeals dismissed, as non-compliant, a second state habeas application that was

received on December 14, 2004.[1]  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/ opinions/EventInfo.asp?EventID=2182118 (accessed May 1, 2006).  On June 27, 2005, that court received a motion for reconsideration and another state application for writ of habeas corpus.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=231348 (accessed May 1, 2006).  That same date, the court noted that no action was necessary on the motion.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp? EventID=2202315 (accessed May 1, 2006).  Petitioner also indicates that the Court of Criminal Appeals denied a motion for rehearing on July 6, 2005.  (Pet. at 4.)

Petitioner filed the instant federal petition on November 14, 2005, when he placed it in the prison mail system.  (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  He claims that he is actually innocent because he acted in self-defense as shown by newly discovered evidence in which the complainant (petitioner's brother) recants his trial testimony. (Pet. at 7.)  He also claims that his trial attorney rendered ineffective assistance of counsel by not calling a witness that would have testified that he acted in self-defense.  (*Id.*)  He submits affidavits from the complainant,  David Daniels, dated September 20, 2002, and July 6, 2005, wherein the complainant recants his trial testimony and states that petitioner was only acting to defend himself. (*See* Affs. of David Daniels attached to Pet.)  Petitioner also submits an affidavit dated December 5, 2002, from another brother, Douglas Daniels, wherein the affiant states that he was willing to testify for petitioner but petitioner's attorney failed to call him as a witness.  (*See* Aff. of Douglas Daniels attached to Pet.)

Because petitioner had not paid the $5 filing fee for this action nor submitted an application to proceed *in forma pauperis* when he filed the instant petition, the Court issued a Notice of Deficiency and Order on December 12, 2005, wherein it informed him of such deficiency and gave

---

[1]  Petitioner indicates that he filed his second state writ on December 14, 2005.  (*See* Pet. at 4.)  Because that date had not yet occurred when petitioner filed the instant action in November 2005, the Court considers December 14, 2004 as the correct date.

him twenty days to correct it. Petitioner thereafter paid the filing fee and followed such payment with an application to proceed *in forma pauperis* that the Court deemed moot on March 24, 2006. On April 3, 2006, the Court received another application to proceed *in forma pauperis* wherein petitioner expresses a misunderstanding of the order of March 24, 2006, and indicates that he cannot pay more than the $5 initial fee and does not want his federal writ dismissed for failure to pay. On April 6, 2006, the Court received a document titled "Writ of Mandamus" wherein petitioner seeks to compel the undersigned Magistrate Judge to allow him to proceed *in forma pauperis*, to render a decision on his federal petition, and to order an evidentiary hearing. (*See* Writ of Mandamus at 1.)

## II.  MISCELLANEOUS MATTERS

The Court first addresses the order of March 24, 2006. By deeming petitioner's application to proceed *in forma pauperis* moot, the Court made no ruling regarding the underlying federal petition for writ of habeas corpus. It also made no ruling that petitioner had to pay more than the $5 filing fee. The March 24, 2006 order merely recognized that the $5 fee payment rendered petitioner's application to proceed *in forma pauperis* unnecessary and moot. In light of the fee payment, the instant action is not subject to dismissal for failure to pay a fee. The most recent application to proceed *in forma pauperis* is also moot. In addition, the writ of mandamus should be denied because there is no reason to allow petitioner to proceed *in forma pauperis* in light of the fee payment for this action, and the writ is otherwise unnecessary.

The Court next considers the underlying federal petition and any need for an evidentiary hearing to resolve the petition.

## III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Instead, he bases this petition on alleged newly discovered evidence that became known after his conviction became final in 1999. Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (D) the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims.

In this instance, petitioner submits affidavits from his brothers which definitively indicate that petitioner knew or should have known with the exercise of due diligence the factual bases for his two claims no later than December 2002. By that time, petitioner would have had access to the first affidavit from his brother David and the only affidavit from Douglas.[2] Despite having knowledge of the factual bases for the claims raised in the instant petition no later than December 2002, petitioner presents nothing to the Court that shows he filed any application for State post-conviction or other collateral review after execution of those affidavits until he filed a non-compliant second state writ on December 14, 2004.

---

[2] Although the information from Douglas could have been discovered through the exercise of due diligence well before he executed his affidavit in December 2002, the Court utilizes December 2002 for ease of reference.

4

Because petitioner filed his federal petition more than one year after he knew or should have known the factual predicate for his claims in December 2002, a literal application of § 2244(d)(1) renders his November 2005 filing untimely.

## IV.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

## A.  Statutory Tolling

In this instance, petitioner filed his second state application for writ of habeas corpus more than a year after he knew or should have known the factual bases for his claims.  Consequently, such filing does not statutorily toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that it is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period).

In addition, because the Texas Court of Criminal Appeals dismissed petitioner's second state petition as non-compliant, it appears that petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2).

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the

question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (footnote and citations omitted). In the Fifth Circuit, "a properly filed application is one submitted according to the state's procedural requirements", and the courts narrowly interpret the words "properly filed." *Lookingbill v. Cockrell* 293 F.3d 256, 260 (5th Cir. 2002) (citations omitted). In this circuit, "a properly filed application must meet all procedural requirements." *Id.* at 261. When a court dismisses a state application for writ of habeas corpus as non-compliant, such application is not properly filed according to the state's procedural requirements.

Because the statutory tolling provision of § 2244(d)(2) does not save the instant petition from being untimely, the instant petition is untimely unless the Court finds reason to equitably toll the limitations period.

## B. Equitable Tolling

Although petitioner does not affirmatively invoke the principles of equitable tolling, the Court examines whether he is entitled to such tolling due to his claim of actual innocence.

The Fifth Circuit Court of Appeals held in *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1)

6

extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder*, 204 F.3d at 171 & n.8. In addition, although petitioner knew or should have known the factual bases for his claims no later than December 2002, he did not raise his claims in a state application for writ of habeas corpus until filing his second state writ in December 2004.[3] Petitioner has proffered no explanation for that two year delay. For all of these reasons, the Court finds no reason to equitably toll the limitations period.

Because neither statutory nor equitable tolling save petitioner's November 2005 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## V. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice. It is further recommended that the Court **DEEM MOOT** petitioner's most recent application to proceed *in forma pauperis* (doc. 9) and **DENY** the writ of mandamus (doc. 10) filed in this action.

---

[3] Because petitioner does not identify the claims that he raised in his second state application, (*see* Pet. at 4), the Court assumes for the purposes of these findings that petitioner asserted his federal claims in that application.

7

SIGNED this 5th day of May, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE